UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZACHERY TYRONE RODGERS,

    Petitioner,                           Civil No. 2:13-CV-13018
                                        HONORABLE GERALD E. ROSEN
v.                                            CHIEF UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Zachery Tyrone Rodgers, ("Petitioner"), presently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for felon in possession of a firearm, M.C.L.A. 750.224f; manufacture of marijuana, M.C.L.A. 333.7401(d)(iii); possession of a firearm in the commission of a felony, second offense, M.C.L.A. 750.227b; and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court.

Petitioner's conviction was affirmed on appeal. *People v. Rodgers,* No. 286329 (Mich.Ct.App. November 12, 2009); *lv. den.* 485 Mich. 1131; 779 N.W. 2d 813 (2010).

Petitioner then filed a petition for writ of habeas corpus, which was dismissed without

prejudice on the ground that it contained claims that had not been exhausted with the state courts. *Rodgers v. McQuiggin,* No. 11-CV-10870; 2011 WL 1193675 (E.D. Mich. March 29, 2011).

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. Seq,* raising what now make up the second, third, and fourth claims in his petition. The motion was denied because petitioner failed to show cause and prejudice, as required by M.C.R. 6.508(D)(3), for failing to raise the claims on his direct appeal. The trial judge in the alternative denied the claims on the merits. *People v. Rodgers,* No. 08-219177-FH (Oakland County Circuit Court, September 9, 2011).

Petitioner then filed a second motion for relief from judgment, raising what now makes up his first claim. The motion was denied on the ground that M.C.R. 6.502(G) prohibits the filing of a second or successive motion for relief from judgment. *People v. Rodgers,* No. 08-219177-FH (Oakland County Circuit Court, November 10, 2011).

Petitioner then appealed the denial of both post-conviction motions. The Michigan appellate courts denied the appeal in a form order citing to M.C.R. 6.508(D). *People v. Rodgers,* No. 307896 (Mich.Ct.App. November 8, 2012); *lv. den.* 494 Mich. 854; 830 N.W. 2d 768 (2013).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Rodgers was denied the effective assistance of trial counsel when his counsel failed to investigate and call two witnesses who were present and would have contradicted officer's testimony.

II. Rodgers was denied due process when the trial court abused its discretion by allowing an editorialized version of his alleged confession to be given by Officer Greg Moore.

III. Rodgers was denied due process by the court not giving jury instructions

that adequately informed the jury of relevant considerations, nor did the prosecutor present independent evidence of corpus delicti.

IV. Deputies and agents entered Rodgers's residence without a valid warrant or consent and without any exception to the warrant requirement.

Respondent filed an answer in opposition to the petition for writ of habeas corpus, which is construed as a motion to dismiss on the basis that petitioner's claims are barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

## II. Discussion

Respondent contends that all of petitioner's claims are procedurally defaulted for various reasons.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Respondent contends that petitioner's second, third, and fourth claims are

3

procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion, and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." M.C.R. 6.508(D)(3)(b)(i).

The Supreme Court noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether

4

they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

In the present case, the Oakland County Circuit Court judge, in rejecting petitioner's first motion for relief from judgment, explicitly cited to M.C.R. 6.508(D)(3) in rejecting petitioner's second, third, and fourth claims. *People v. Rodgers,* No. 08-219177-FH, * 5, 7, * 9 (Oakland County Circuit Court, September 9, 2011). Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's second, third, and fourth claims are clearly procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F. 3d 284, 292-93 (6th Cir. 2007); *See also Howard v. Bouchard,* 405 F. 3d 459, 477 (6th Cir. 2005). The fact that the trial judge may have also discussed the merits of petitioner's claims in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject petitioner's claims does not alter this analysis. *See Alvarez v. Straub,* 64 F. Supp. 2d at 695. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991). Petitioner's second through fourth claims are procedurally defaulted.

The Court recognizes that petitioner did attempt to present the illegal search and seizure claim that he raises in his fourth claim in his application for leave with the Michigan Supreme Court after the Michigan Court of Appeals affirmed petitioner's conviction on his

appeal of right.[1] Petitioner's earlier attempt to raise his Fourth Amendment claim in his discretionary appeal before the Michigan Supreme Court as part of his direct appeal was insufficient to properly exhaust this claim nor would it exempt petitioner from the cause and prejudice requirements of M.C.R. 6.508(D)(3).

When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *Lawrence v. Will Darrah & Associates, Inc.,* 445 Mich. 1, 4, fn. 2; 516 N.W. 2d 43 (1994); *Butcher v. Treasury Dep't.*, 425 Mich. 262, 276; 389 N.W. 2d 412 (1986). Petitioner's failure to raise his Fourth Amendment claim before the Michigan Court of Appeals on his appeal of right precluded the Michigan Supreme Court from considering this new issue that petitioner raised in his application for leave to appeal before that court.

More importantly, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present his Fourth Amendment claim on his direct appeal with the Michigan Court of Appeals, his subsequent presentation of this claim to the Michigan Supreme Court in his application for leave to appeal did not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 Fed. Appx. 491, 494 (6th Cir. 2011). More importantly, petitioner's failure to properly raise his Fourth Amendment claim to the state appellate court on direct appeal subjected him to the cause and prejudice requirements of M.C.R. 6.508(D)(3). *Id.* Petitioner's fourth claim is thus procedurally

---

[1] *See* Application for Leave to Appeal to the Michigan Supreme Court. [This Court's Dkt. # 10-10].

6

defaulted in spite of petitioner's earlier attempt to raise it before the Michigan Supreme Court on direct review.

Respondent contends that petitioner's first claim is procedurally defaulted because he raised it only for the first time in his second post-conviction motion for relief from judgment and the trial court relied on M.C.R. 6.502(G) to reject petitioner's post-conviction motion.

Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. See *Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Mohn v. Bock,* 208 F. Supp. 2d 796, 801 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999)(citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)). However, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418; *Mohn,* 208 F. Supp. 2d at 801; *Hudson,* 68 F. Supp. 2d at 800-01.

The trial judge's order, which was the last reasoned decision, rejected petitioner's second motion for relief from judgment pursuant to M.C.R. 6.502(G), because petitioner had already filed a motion for relief from judgment and had failed to show that his motion came within any of the exceptions contained within M.C.R. 6.502(G) that would permit the filing of a second post-conviction motion.

Petitioner's first motion for relief from judgment was filed in 2011. At the time that petitioner filed his first motion, M.C.R. 6.502(G) was a firmly established and regularly followed procedural rule that would be sufficient to invoke the doctrine of procedural default.

*See Porter v. Smith,* 197 F. Supp. 2d 827, 832-33 (E.D. Mich. 2002). Because petitioner's first claim was rejected by the Oakland County Circuit Court pursuant to M.C.R. 6.502(G), the claim is procedurally defaulted. *Id.; See also Erwin v. Elo,* 82 Fed. Appx. 405, 406-07 (6th Cir. 2003).

In the present case, petitioner has failed to offer any reasons to excuse the procedural defaults. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith*, 477 U.S. at 533; *See also Alexander v. Smith,* 342 F. Supp. 2d 677, 685 (E.D .Mich. 2004). Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this court to consider his claims as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review the procedurally defaulted claims on the merits. *See Alexander*, 342 F. Supp. 2d at 685.

Finally, assuming that petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007). For the reasons stated by the Oakland County Circuit Court in rejecting petitioner's second through fourth claims and by the Assistant Michigan Attorney General in her answer to the petition for writ of habeas corpus, petitioner has failed to show that his claims have any merit. Petitioner is not entitled to habeas relief.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner's claims are procedurally defaulted. *See Harris v. Stegall,* 157 F. Supp. 2d 743,

9

751 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.

                s/Gerald E. Rosen  
                Chief Judge, United States District Court

Dated: April 10, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 10, 2014, by electronic and/or ordinary mail.

                s/Julie Owens  
                Case Manager, (313) 234-5135